IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

MARK ADKINS, individually and on
behalf of all others similarly-situated,

    Plaintiff,

v.

IBS CONSTRUCTION GROUP, LLC,
a Florida Limited Liability Company and
ERIC PITTS,

    Defendants.
_____/

## **COMPLAINT**

COME NOW, the Plaintiff, MARK ADKINS, individually and on behalf of all others similarly-situated, by and through their undersigned counsel, and hereby file this lawsuit against the Defendants, IBS CONSTRUCTION GROUP LLC, a Florida Limited Liability Company and ERIC PITTS, an individual and as grounds therefore, allege as follows:

## **JURISDICTION**

1. This is an action for damages arising out of the Defendants' failure to lawfully pay minimum wages and overtime payments to the Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA").

2. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331, and has jurisdiction pursuant to 29 U.S.C. § 216(b), as these claims arise out of the Defendants' violations of the FLSA, 29 U.S.C. § 207.

3. Venue is proper as all of the actions or omissions giving rise to these claims occurred in this District, and the Defendants are subject to personal jurisdiction in Florida.

## PARTIES

4. At all times material hereto, the Defendant, IBS CONSTRUCTION GROUP, LLC, a Florida Limited Liability Company ("IBS"), was a Limited Liability Company licensed to conduct, and actively conducting, business in the State of Florida, and maintained its principal place of business at 111 NE 1st Street, Suite 507, Miami, Florida 33132.

5. At all times material hereto, the Defendant, ERIC PITTS ("PITTS"), was the Managing Partner of IBS, and upon information and belief, was a resident of Miami-Dade County, Florida.

6. At all times material hereto, the Plaintiff, MARK ADKINS ("ADKINS"), was an employee of the Defendants, and resided in Palm Beach County, Florida.

7. At all times material hereto, ADKINS, as well as all other similarly-situated employees, worked for the Defendants at the Defendants' principal place of business in Miami, Florida.

8. At all times material hereto, IBS was a "full-service construction management, development, and consulting firm, and is an employer as that term is defined by the FLSA.

9. Upon information and belief, IBS has revenues in excess of $500,000.00 per year.

10. The Plaintiff' was an electrician.

11. The Plaintiff's job duties were such that they themselves were individually engaged in commerce as required for jurisdiction under the FLSA.

12. The Defendants failed to pay the Plaintiff the lawful, mandatory wages required by the FLSA.

## COMMON ALLEGATIONS

13. PITTS and IBS jointly employed the Plaintiff, as PITTS worked directly or indirectly in the interest of IBS in relation to the Plaintiff, exercised control over the nature and structure of their employment relationship and exercised economic control over their employment relationship.

14. ADKINS was employed by the Defendants from June 1, 2018, until August 30, 2018, and worked at the Defendants' principal place of business.

15. The Defendants, and each of them, failed to pay ADKINS the agreed upon wages and further failed to pay ADKINS the lawful, mandatory minimum overtime rate of one and one-half (1 ½) times their regular hourly rates for the hours that they worked in excess of forty (40) hours per work week, and instead, either paid them their regular hourly rates, i.e., "straight time," or failed to pay them at all for those hours.

16. In particular, Plaintiff was promised by Defendants that he would make $25.00 per hour and $37.50 per overtime hour, but Defendants failed to do so.

17. Plaintiff estimates that he was not compensated for 312 hours of work, 156 of which were overtime hours, totaling $9,750.00 in unpaid wages. In addition, Plaintiff is owed an equal amount in liquidated damages, totaling $19,500.00.

## COUNT I – MINIMUM WAGE
## 29 U.S.C. 206
## ALL DEFENDANTS

18. The Plaintiff restate and allege Paragraphs 1 through 17 as if fully set forth herein.

19. The Plaintiff is a covered, non-exempt employees under the FLSA, and thus, is entitled to minimum wage for all hours worked.

20. The Plaintiff regularly worked without being properly compensated for his time.

21. As stated, Defendants IBS and PITTS were the Plaintiff' "joint employers," and as such, both Defendants are liable for their failures to pay the Plaintiff his lawful compensation pursuant to the FLSA.

22. The Defendants failed to compensate the Plaintiff his regular hourly rates for all hours worked in direct violation of the FLSA, specifically, 29 U.S.C. § 206.

23. The Defendants' failures to properly compensate the Plaintiff was the result of intentional and/or willful misconduct, such that the Plaintiff is entitled to recover his unpaid wages for the entire duration of his employment, as well as liquidated damages.

24. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered wage loss.

25. Plaintiff is entitled to back wages at the agreed upon hourly rate and liquidated damages.

26. As a direct and proximate result of the Defendants' actions, the Plaintiff has been forced to obtain counsel to represent him in this action. As a result, the Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

27. As a direct and proximate result of the Defendants' actions, the Plaintiff is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for his back wages, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

### **FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA (29 U.S.C. § 207)**
### **(ALL DEFENDANTS)**

28. The Plaintiff restate and allege Paragraphs 1 through 17 as if fully set forth herein.

29. The Plaintiff is a covered, non-exempt employees under the FLSA, and thus, is entitled to overtime compensation of at least one and one-half (1 ½) times his regular hourly rates for all hours worked over forty (40) hours in a work week.

30. The Plaintiff regularly worked over forty (40) hours per work week without being properly compensated for his overtime hours.

31. Defendants are aware of hours for which Plaintiff was not properly compensated.

32. As stated, Defendants IBS and PITTS were the Plaintiff' "joint employers," and as such, both Defendants are liable for their failures to pay the Plaintiff his lawful overtime compensation pursuant to the FLSA.

33. The Defendants failed to compensate the Plaintiff at a minimum overtime rate of one and one-half (1 ½) times his hourly rates for all hours worked over forty (40) hours per work week, in direct violation of the FLSA, specifically, 29 U.S.C. § 207.

34. The Defendants' failures to properly compensate the Plaintiff for his overtime hours was the result of intentional and/or willful misconduct, such that the Plaintiff is entitled to recover their unpaid overtime wages for the entire duration of his employment, as well as liquidated damages.

35. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered economic damages and seeks overtime wage payments and liquidated damages.

36. As a direct and proximate result of the Defendants' actions, the Plaintiff have been forced to obtain counsel to represent them in this action and have agreed to incur reasonable attorneys' fees and costs for the prosecution of this matter. As a result, the Plaintiff are entitled to reimbursement

and/or an award of reasonable attorneys' fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

37. As a direct and proximate result of the Defendants' actions, the Plaintiff is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for his back overtime payments, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff further demand a trial by jury on all issues so triable.

DATED this 5th day of September 2019.

> Respectfully Submitted,
>
> SCOTT WAGNER & ASSOCIATES, P.A.
> 250 S. Central Blvd., Suite 104-A
> Jupiter, FL 33458
> Telephone:  (561) 653-0008
> Facsimile:  (561) 653-0020
>
> *s/ Cathleen Scott*
> Cathleen Scott
> Florida Bar No.:  135331
> E-Mail:  cscott@scottwagnerlaw.com
> mail@scottwagnerlaw.com
> Alt. Address:  101 Northpoint Pkwy
> West Palm Beach, FL 33407
> www.ScottWagnerLaw.com
> *Attorney for Plaintiff*